IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRAVIS L. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:19CV1043 |
| | ) |
| JOHN DOE #1, et al., | ) |
| | ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Travis L. Watson, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names a number of medical personnel and other staff at several correctional facilities as Defendants in the case based mainly on allegations that they provided him with improper treatment for tuberculosis.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) as to certain Defendants because it fails to state a claim on which relief may be granted as to those Defendants. The remainder of the Complaint should be transferred to the Eastern District of North Carolina for all further proceedings.

Most of the events set out in the Complaint occurred at locations within the Eastern District of North Carolina and involve Defendants located in that district. The Court will not set out those events other than as necessary to frame the claims raised concerning the Defendants located in the Middle District of North Carolina. The Complaint alleges that while Plaintiff was a pretrial detainee housed at Craven Correctional Institution in the Eastern District of North Carolina, he was diagnosed as having "the Tuberculosis germ in his body." (Docket Entry 2, Attach. § IV at 1.) Therefore, a physician at Craven Correctional ordered "a 12-week treatment of a variety of 10 pills (3 types) to be taken once every week to eradicate and kill the disease" which was "latent at that time," but "could potentially overtake [Plaintiff's] body with sickness and possible death from failure of the

-2-

lungs." (Id.) Two weeks into the treatment, on July 10, 2017, Plaintiff was transferred from Craven Correctional to the Guilford County Detention Center in this District. (Id.) The Complaint alleges that Plaintiff explained the required treatment protocol to an intake nurse (named as John Doe #3) upon arrival and that, on July 11, 2017, that same nurse provided him with seven of the ten required pills. (Id.) The next week, Defendant Michelle Vasileeso, a registered nurse at the Detention Center, also provided Plaintiff with seven pills. (Id.) Thereafter, he was offered only a vitamin pill by an unnamed person and began filing complaints with the facility. (Id.) Plaintiff returned to Craven Correctional and informed personnel there of the treatment he received in Guilford County. (Id. at 2.) He allegedly learned that Defendant John Doe #1 did not send the proper amount of medication with Plaintiff at the time of his transfer to Guilford County. (Id.) Thereafter, on August 16, 2017, staff at Craven Correctional started Plaintiff's 12-week treatment cycle again. (Id.) However, six days later, he was transferred to Caswell Correctional Center, before again being transferred to Guilford County on October 4, 2017. (Id.) The Complaint alleges that Defendant John Doe #2 then failed to send any tuberculosis medications with Plaintiff at the time of this transfer. (Id.) On October 11, 2017, unnamed staff offered Plaintiff three pills as a substitute for the ten-pill treatment and after Plaintiff refused the pills and filed a request for his prior treatment. (Id.) Unnamed staff then offered him six orange pills on October 18, 2017 as a further substitute. (Id.) Plaintiff again refused the treatment and filed a complaint requesting a grievance with Defendant Captain J.L. Rollins, who allegedly denied the grievance. (Id.) Nothing further occurred until March 27, 2018, when Plaintiff was

-3-

transferred to Central Prison, which is located in the Eastern District of North Carolina. (Id.) All further events described in the Complaint allegedly occurred in that district.

Plaintiff attempts to raise claims against three medical providers, Defendants John Doe #2, John Doe #3, and Michelle Vasileeso, alleging inadequate medical treatment. Deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Moreover, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).

Plaintiff's only allegation against Defendant John Doe #2 is that on one occasion he failed to send adequate medication with Plaintiff when he was transferred from Caswell Correctional to the Guildford County Detention Center in October of 2017. This allegation of a single instance of failure to send medication is insufficient to state a claim of deliberate indifference. At most, it would constitute only a showing of mere negligence. Similarly, Plaintiff alleges that, on separate single occasions, Defendants John Doe #3 and Vasileeso attempted to provide him with the necessary medication, but gave him only seven of the required ten pills. They did not demonstrate deliberate indifference by failing to treat Plaintiff and instead providing him with the allegedly inadequate medication sent by John

-4-

Doe #1. To the extent their attempts to treat Plaintiff were insufficient, this is again indicative of no more than negligence, not deliberate indifference.

Finally, Plaintiff alleges that Defendant Rollins denied a grievance request that he filed. To the extent that Plaintiff is attempting to raise a claim based on the denial of the grievance itself, this clearly fails because the Constitution affords no substantive due process right to a prison grievance procedure. <u>Grieveson v. Anderson</u>, 538 F.3d 763, 772 n.3 (7th Cir. 2008); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994). This claim should be dismissed on that basis. To the extent that Plaintiff contends that Defendant Rollins ignored his medical condition, Plaintiff includes as an exhibit his request for a grievance form and Defendant Rollins's denial of that request. In the request, dated December 27, 2017, Plaintiff questions his lack of treatment in July and October of 2017 and raises an issue regarding mental health treatment. Defendant Rollins, who so far as the Complaint and attached exhibits indicate is not a medical professional, responded to Plaintiff by stating that Plaintiff's tuberculosis concerns were addressed in an attached prior response from HSA Hancock dated July 23, 2017. He also instructed Plaintiff on how to receive any needed mental health treatment. Plaintiff did not include the prior response from Hancock. However, he did include as exhibits two grievance responses from October of 2017, one of which indicates that medical staff at the Detention Center believed that Plaintiff had received the proper medication for his tuberculosis. This may or may not be correct and it may amount to a disagreement over adequate treatment. However, as to the claim against Defendant Rollins, the Complaint and its exhibits do not set out sufficient facts to state a

claim of deliberate indifference where Defendant Rollins relied on prior answers by medical staff to deny Plaintiff a new grievance form. Further, there is no indication that Defendant Rollins was aware of the situation before late December of 2017. By that time, Plaintiff's treatment had been interrupted or discontinued for over two months and therefore needed to be restarted from the beginning according to the Complaint. (Docket Entry 2, Attach., § IV at 3-4.) Therefore, by the time Defendant Rollins knew of the situation, there is no clear action he could have taken to alter the course of events. The Complaint states no claim and should be dismissed as to Defendant Rollins.

For the reasons set out above, the Complaint fails to state a claim against any of the four Defendants located in this District. They should be dismissed from the case, leaving the remainder of the case, which is against Defendants located in the Eastern District of North Carolina and based on events that occurred in that district. Given Plaintiff's failure to state a claim against Defendants located in this District or based on events occurring here, the Court will next consider whether to transfer the matter under 28 U.S.C. § 1404(a), which states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Under 28 U.S.C. § 1391:

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

-6-

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, it appears that all remaining Defendants likely reside in the Eastern District of North Carolina and that, in any event, the events or omissions giving rise to the remaining claims all occurred in that district. The interests of justice would not be served by having the case remain in this District, which bears no real connection to the remaining claims and parties, thereby forcing those parties and any potential witnesses to travel to this District. Therefore, the matter should be transferred to the Eastern District of North Carolina for all remaining proceedings, including whether Plaintiff sufficiently states a claim against parties in that district and whether his request for *in forma pauperis* status should be granted. His request to proceed *in forma pauperis* will be granted solely for the entry of this Order and Recommendation.

    IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

    IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted as to Defendants John Doe #2, Johns Doe #3, Michelle Vasileeso, and Captain J.L Rollins.

IT IS FURTHER RECOMMENDED that all claims not dismissed be transferred to the United States District Court for the Eastern District of North Carolina for all further appropriate proceedings.

This, the 5th day of March, 2020.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**